IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 23-cv-2563**

ROCKY MOUNTAIN GUN OWNERS, and
ALICIA GARCIA,

      Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

      Defendant.

---

**COMPLAINT**

---

Plaintiffs Rocky Mountain Gun Owners ("RMGO") and Alicia Garcia ("Garcia") submit the following Complaint.

## I.  INTRODUCTION

This action is a challenge to the constitutionality of C.R.S. § 18–12–115 (the "Waiting Period Act" or the "Act") enacted by the Colorado General Assembly and signed by Governor Polis on April 28, 2023. The Act is effective October 1, 2023. The Act makes it unlawful for any person who sells a firearm to a purchaser to deliver the purchaser's property to her until three days after the seller has initiated a background check, even if a clean background check comes back immediately. As such, it is unconstitutional under the Second Amendment to the United States Constitution as made applicable to the states by the Fourteenth Amendment.

1

## II.  PARTIES

1. Plaintiff RMGO is a nonprofit organization. RMGO seeks to defend the right of all law-abiding individuals to keep and bear arms. RMGO has members who reside in Colorado who desire to exercise their Second Amendment right to purchase a firearm without having their right burdened by arbitrary, unnecessary, burdensome and useless delays. RMGO represents the interests of these members. Specifically, RMGO represents the interests of those members who are affected by the Waiting Period Act's unconstitutional burden on the Second Amendment rights of law-abiding citizens who purchase firearms. It is these members' present intention and desire to lawfully purchase firearms for lawful purposes, including self-defense in their home, and they desire to do so without arbitrary, unnecessary, burdensome and useless delays. These members are precluded from purchasing a firearm without arbitrary, unnecessary, burdensome and useless delays by the Waiting Period Act. The following three persons (whom, for the sake of their privacy, are identified by initials) have or will suffer the harm described above: B.R., J.H., and S.H.

2. Plaintiff Garica is an adult law-abiding citizen of Colorado. She is affected by the Waiting Period Act's unconstitutional burden on the Second Amendment rights of law-abiding citizens who purchase firearms. On October 1, 2023, Garcia went to Triple J Armory for the purpose of acquiring a new lever action .357/.38 Special Henry rife. She filled out all of the necessary paperwork for her background check. She passed the background check and paid the purchase price for her firearm. At this point, title to the firearm transferred to her. Garcia requested J.D. Murphree (the

owner of Triple J Armory) to deliver the firearm to her. Mr. Murphree refused to do so. Garcia asked why Triple J Armory was holding onto her property and refusing to deliver it to her. Mr. Murphree responded that he was required to do so because of the Waiting Period Act. Garcia asked if Triple J Armory disputed that title to the firearm had passed to her, and Mr. Murphree assured her that it did not. Garcia Garcia asked Mr. Murphree if there were any reason other than the requirements of the Waiting Period Act why she could not receive her property and take it with her. Mr. Murphree said there was none. The Waiting Period Act's requirements were the only reason he would not deliver the property to her. Garcia is employed in the firearms industry and as such she purchases firearms frequently. Accordingly, even if she receives delivery of her firearm described above while this action is pending, this matter will not be moot. She will purchase another firearm in the near future and when she does so, she will be subjected to the same unconstitutional burden.

3.     Defendant Jared S. Polis is the Governor of the State of Colorado. This action is brought against him in his official capacity. The Colorado Constitution states that the "supreme executive power of the state shall be vested in the governor, who shall take care that the laws be faithfully executed." Colo. Const. Art. IV, § 2. Colorado has long recognized the practice of naming the governor, in his official role as the state's chief executive, as the proper Defendant in cases where a party seeks to enjoin state enforcement of a statute, regulation, ordinance, or policy. *See Developmental Pathways v. Ritter*, 178 P.3d 524, 529 (Colo. 2008). The Governor, in his official capacity, possesses sufficient authority to enforce (and control the enforcement of) the

3

complained-of statute. *Cooke v. Hickenlooper*, 2013 WL 6384218, at *8 (D. Colo. Nov. 27, 2013), *aff'd in part sub nom. Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537 (10th Cir. 2016).

4. Defendant is or will enforce the unconstitutional provisions of the Act against Plaintiffs under color of state law within the meaning of 42 U.S.C. § 1983.

### III.  JURISDICTION AND VENUE

5. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, ordinances, regulations, customs and usages of the State, of rights, privileges or immunities secured by the United States.

6. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and their claim for attorneys' fees is authorized by 42 U.S.C. § 1988.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### IV.  GENERAL ALLEGATIONS

8. The Second Amendment to the United States Constitution declares that "the right of the people to keep and bear arms shall not be infringed." U.S. CONST. amend. II; *see also D.C. v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*,

561 U.S. 742 (2010); and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

9.  The right to keep and bear arms recognized in the Second Amendment is made applicable to the states by the Fourteenth Amendment. *McDonald*, supra.

10. HB23-1219 states in relevant part:

> (1)(a) It is unlawful for any person who sells a firearm, including a licensed gun dealer as defined in section 18–12–506(6), to deliver the firearm to the purchaser until the later in time occurs:
>
> (I) Three days after a licensed gun dealer has initiated a background check of the purchaser that is required pursuant to state or federal law; or
>
> (II) The seller has obtained approval for the firearm transfer from the bureau after it has completed any background check required by state or federal law.

11. In *Bruen*, the Court held: "We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*, 142 S. Ct. at 2129-30.

12. Plaintiffs desire to obtain possession of firearms they have purchased for lawful purposes (including defense of their homes). The Waiting Period Act prohibits Plaintiffs from doing so without being subjected to an arbitrary, unnecessary, burdensome and useless delay. The right to "keep" arms necessarily implies the right to possess arms one has acquired. After all, "keep" means to possess or "have weapons." *Heller*, 554 U.S. 570, 582 (2008). And "bear" means to "carry" (*id.* at 584),

5

and when a person has been deprived of possession of a firearm they have acquired, they cannot carry it. Therefore, because the Second Amendment's plain text covers Plaintiffs' conduct – i.e., possessing bearable arms – "the Constitution *presumptively* protects that conduct." *Id.*, 142 S. Ct. at 2126 (emphasis added). Plaintiffs have met their burden under *Bruen*, and the Waiting Period Act is presumptively unconstitutional.

13.     Since the Second Amendment presumptively protects Plaintiffs' conduct, the State must justify the Act by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. But it is impossible for the State to meet this burden because there is no such historical tradition of firearms regulation in this Nation. See David B. Kopel, Complete Colorado, *Kopel: Colorado bill forcing delay of firearms acquisition on shaky constitutional ground*, available at: https://bit.ly/43bEKvD (March 1, 2023). This article sets forth the written testimony of Law Professor David B. Kopel (whose work was cited favorably in *Bruen*) on the bill that would become the Act, which was submitted to the Colorado House of Representatives State, Civic, Military & Veterans Affairs Committee. Professor Kopel's exhaustive historical research led him to conclude that there is no historical tradition supporting firearm purchase waiting periods. Indeed, the earliest waiting period law was enacted in 1923.

14.     In summary, the plain text of the Second Amendment covers Plaintiffs' conduct. Therefore, the Waiting Period Act is presumptively unconstitutional. The

6

State is unable to rebut this presumption because the Act is not consistent with Nation's historical tradition of firearm regulation. Therefore, Act is unconstitutional.

## V. FIRST CLAIM FOR RELIEF
### Right to Keep and Bear Arms
### U.S. Const., amends. II and XIV

15. Paragraphs 1-14 are realleged and incorporated by reference.

16. The Waiting Period Act burdens the right of residents of the State, including Plaintiffs, in exercising their right to keep and bear arms protected by the Second Amendment. There are significant penalties for violations of the law.

17. These restrictions infringe Plaintiffs' rights guaranteed by the Second Amendment, which is applicable to Colorado by the Fourteenth Amendment.

18. The Act's prohibitions arbitrarily delay the right of law-abiding citizens to purchase arms even if they immediately pass all required background checks and even if they desire to purchase an arm for the purpose of self-defense in the home, where Second Amendment protections are at their zenith.

19. The State cannot meet its burden of justifying these restrictions on the Second Amendment right of the People by demonstrating that they are consistent with this Nation's historical tradition of firearm regulation.

## VI.  PRAYER FOR RELIEF

Plaintiffs pray that the Court:

20. Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Waiting Period Act is unconstitutional on its and face or as applied;

7

21. Enter a TRO and preliminary and permanent injunctive relief enjoining Defendant and his officers, agents, and employees from enforcing the Waiting Period Act;

22. Award remedies available under 42 U.S.C. § 1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, or any other applicable law;

23. Grant any such other and further relief as the Court may deem proper.

*/s/ Barry K. Arrington*

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
(303) 205-7870
Email:  barry@arringtonpc.com