IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02563-JLK

ROCKY MOUNTAIN GUN OWNERS, and
ALICIA GARCIA,

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado,

    Defendant.

## ORDER RE: MOTION FOR TEMPORARY RESTRAINING ORDER
## AND FOR PRELIMINARY INJUNCTION (ECF NO. 2)

Kane, J.

This matter is before me on the Motion for Temporary Restraining Order and for Preliminary Injunction (ECF No. 2) filed by Plaintiffs Rocky Mountain Gun Owners and Alicia Garcia. Federal Rule of Civil Procedure 65 sets out the requirements for issuing a temporary restraining order ex parte. The Rule states:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Here, the declaration from Ms. Garcia that is attached to the Motion does not show she will experience irreparable injury if Defendant Jared S. Polis is given the opportunity to be heard in opposition. In accordance with the challenged statute, Colorado

1

Revised Statutes § 18-12-115, Ms. Garcia is presently able to receive delivery of the firearm she previously purchased. The timing of any potential future harm is uncertain, as she avers only that she will purchase another firearm in the "near future." Garcia Decl. ¶ 5, ECF No. 2-2.[1]

Because Plaintiffs have not demonstrated an ex parte temporary restraining order is warranted, Governor Polis should receive notice of Plaintiffs' Motion and be provided an opportunity to respond. "When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction . . . ." 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2951 (3d ed. 2023). Thus, Plaintiffs' request for a temporary restraining order is DENIED, and we will proceed on Plaintiffs' Motion for a preliminary injunction alone.

Governor Polis is DIRECTED to file a Response to Plaintiffs' Motion for Preliminary Injunction on or before October 17, 2023. Any Reply in Support of the Motion is due on or before October 20, 2023. A preliminary injunction hearing is set for two days beginning at 9:30 a.m. on October 24, 2023.

DATED this 4th of October, 2023.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

---

[1] Plaintiffs' attorney has certified that he emailed attorneys at the Colorado Attorney General's Office a copy of the Complaint in this case and Plaintiffs' Motion, and two of those attorneys entered their appearances in the case 48 hours ago. Still, Plaintiffs have not shown a basis for issuing a temporary restraining order before the Governor has an opportunity to be heard in opposition.