1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 23-cv-2563**
ROCKY MOUNTAIN GUN OWNERS, and
ALICIA GARCIA,

      Plaintiff,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado,

      Defendant.

---

**STIPULATED SCHEDULING AND DISCOVERY ORDER**

---

**1. DATE OF CONFERENCE**

February 21, 2024

**2. STATEMENT OF CLAIMS AND DEFENSES**

    a.    Plaintiff(s):

Plaintiffs contend that C.R.S. § 18–12–115 (the "Waiting Period Act" or the "Act") is unconstitutional under the Second Amendment to the United States Constitution. Although Plaintiffs did not prevail in their motion for a preliminary injunction, they plan to take written discovery, fully depose the expert witnesses proffered by the state, and otherwise establish that they prevail at summary judgment or in a trial on the merits.

The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, ordinances, regulations, customs and usages of the State, of rights, privileges or immunities secured by the United States.

    b.    Defendant(s):

Defendant contends that the Waiting Period Act is constitutional under the Second Amendment. The plain text of the Second Amendment does not confer a right to firearm acquisition on

2

demand. Further, the Act is a presumptively lawful commercial regulation of firearms. And even if the Act fell within the Second Amendment's text, the Act is constitutional because it is consistent with the nation's history and tradition of firearm regulation.

 c. Other parties:

N/A

### 3. UNDISPUTED FACTS

 The following facts are undisputed:

 a. The Waiting Period Act was enacted by the Colorado General Assembly and signed into law by Governor Polis on April 28, 2023.
 b. The Act was effective October 1, 2023, on the same day that Plaintiffs filed this action.

### 4. COMPUTATION OF DAMAGES

 Plaintiffs are seeking a declaration that the Waiting Period Act is unconstitutional as well as all remedies available pursuant to 18 U.S.C. § 1983, as well as reasonable attorney fees, costs, and expenses pursuant to 18 U.S.C. § 1983 and § 1988. Plaintiffs also seek such other relief as the Court may deem proper.

 Defendant is not seeking any damages, but reserves the right to seek recovery of attorney fees and costs as otherwise authorized by law.

### 5. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)

 a. Date of Rule 26(f) meeting: **2/13/2024**

 b. Name of each participant:

D. Sean Nation and William Trachman for Plaintiffs RMGO and Alicia Garcia.

Michael Kotlarczyk and Matthew Worthington for Defendant, Governor Jared Polis.

 c. Proposed changes, if any, in timing or requirement of disclosures under Federal Rule of Civil Procedure 26(a): **None**

 d. Statement as to when Rule 26(a) disclosures were made or will be made: On or before February 28, 2024.

 e. Statement concerning any agreements to conduct informal discovery: The parties have no plan to conduct informal discovery.

3

f.  Statement concerning any agreements or proposals regarding electronic discovery:

The parties do not anticipate that their claims or defenses will involve extensive electronically-stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. Should issues arise concerning the disclosure of electronically-stored information, the parties have agreed to work collaboratively to agree on the form of such disclosures.

g.  Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:

The parties have agreed to conduct depositions via remote means where appropriate. The parties commit to exploring other future cost-saving measures.

h.  Statement regarding use of the unified exhibit numbering system:

For any trial that occurs in this matter, the parties agree to use a unified exhibit numbering system, including exhibits starting at the number 1 for Plaintiffs, 100 for Defendants, and 200 for joint exhibits.

i.  Statement on anticipated costs of litigation:

  a. Plaintiff(s): $100,000 inclusive of expert costs.

  b. Defendant(s): $100,000 inclusive of expert costs.

### 6. CASE PLAN AND SCHEDULE

a.  **Deadline for Joinder of Parties**

April 8, 2024. (the first weekday after April 6, 2024, which is 45 days after the scheduling conference).

4

**b.     Deadline to Amend Pleadings**

April 8, 2024. (the first weekday after April 6, 2024, which is 45 days after the scheduling conference). *See also* Fed. R. Civ. P. 15(a)(2).

**c.     Discovery Cut-off**

Consistent with the Court's instructions where there are multiple parties involved in a case, the parties request a nine (9) month discovery period. This length is also justified because of the possibility that decisions announced by the Tenth Circuit (in the plaintiffs' appeal of this Court's ruling denying a preliminary injunction) and the United States Supreme Court (in *United States v. Rahimi*, No. 22-915) may affect the parties' strategy in this case with respect to discovery. The Parties request that the discovery period end on **November 21, 2024.**

**d.     Dispositive Motion Deadline**

Given the proposal to close discovery near the end-of-year holiday period, the Parties request the Court's leave to require that dispositive motions be due on or before **January 17, 2025**.

**e.     Expert Witness Disclosure**

(1)    Statement regarding anticipated fields of expert testimony, if any: **Historical firearms regulations; history of firearms usage; public interest served by waiting period laws**; **commercial firearms transactions in Colorado**

(2)    Statement regarding any limitations proposed on the use or number of expert witnesses: **Five per side.**

(3)    The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Rule 26(a)(2) on or before **August 2, 2024**.

This later date accounts for any unexpected shift in Second Amendment jurisprudence caused by the Supreme Court's decision in *United States v. Rahimi*, 22-915, which the parties expect to be decided by the end of June 2024.

5

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Rule 26(a)(2) on or before **September 20, 2024**.

(5) Notwithstanding the provisions of Rule 26(a)(2), no exception to the requirements of the Rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

f. **Deposition Schedule**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Prof. Robert Spitzer | October 10, 2024 | 9 a.m. | Full Day |
| Prof. Randolph Roth | October 9, 2024 | 9 a.m. | Half Day |
| Prof. Chris Poliquin | October 8, 2024 | 9 a.m. | Half Day |
| Rep. Meg Froelich | September 16, 2024 | 9 a.m. | Two Hours |
| Rep. Judy Ambile | September 16, 2024 | 9 a.m. | Two Hours |
| Sen. Tom Sullivan | September 17, 2024 | 9 a.m. | Two Hours |
| Sen. Chris Hansen | September 17, 2024 | 9 a.m. | Two Hours |
| Gov. Jared Polis | September 18, 2024 | 9 a.m. | Three Hours |
| Rocky Mountain Gun Owners | August 12, 2024 | 9 a.m. | Two Hours |
| Alicia Garcia | August 12, 2024 | 1 p.m. | Two Hours |
| Professor Clayton Cramer | October 7, 2024 | 9 a.m. | Full Day |

Interrogatories and other paper discovery has yet to be exchanged and Plaintiffs anticipate adding additional deponents.

Plaintiffs anticipate that each deposition would take place either via videoconference or at a location convenient for the deponent.

Plaintiffs anticipate that other witnesses, currently unknown to Plaintiffs, will be necessary to be deposed as well.

Defendant objects to depositions of the Governor and legislators and reserves the right to raise all applicable arguments to such depositions, including but not limited to the apex doctrine and Colo. Const. art. V, § 16.

6

**g.     Interrogatory Schedule**

Once a scheduling order is in place, the Parties may serve interrogatories on each other or Third Parties so long as the return date (30 days) is prior to the close of discovery.

**h.     Schedule for Request for Production of Documents**

Once a scheduling order is in place, the Parties may serve requests for the production of documents on each other or Third Parties, so long as the return date (30 days) is prior to the close of discovery.

**i.     Discovery Limitations**

(1)   Limits on the length of any deposition:

The parties agree that depositions will not exceed seven hours.

(2)   Modifications to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

15 interrogatories each.

No change to the presumptive deposition limit of 10 per side, understanding that the parties reserve all rights to object to the deposition of any specific deponent.

(2)   Limitations on the number of requests for production of documents and/or requests for admissions:

10 requests for production per side and 25 requests for admission per side.

**j.     Other Planning or Discovery Orders**

None currently known.

### 7.  SETTLEMENT

The parties have discussed the possibility of a prompt settlement. Given the constitutional issues in the case, the Parties do not anticipate settlement at this time.

7

## 8. OTHER SCHEDULING ISSUES

Statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement: Deposition of certain deponents, which parties intend to discuss further and, if necessary, brief separately.

    b.    Statement of anticipated motions to be filed, by whom, estimated time of filing, and any proposed briefing schedule: Defendant Polis's motion for protective order regarding his deposition, if necessary; dispositive motions listed above.

    c.    Statement whether trial is to the court or jury:

Trial will be to the Court.

## 9. AMENDMENTS TO DISCOVERY AND SCHEDULING ORDER

This Stipulated Scheduling and Discovery Order may be altered or amended only upon motion showing good cause and order entered thereon.

DATED this ____ day of _____, 20___

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

*[Please affix counsel's signatures in the form below before submission of the Stipulated Scheduling and Discovery Order to the court.]*

8
**STIPULATED SCHEDULING AND
DISCOVERY ORDER APPROVED:**

| | |
|---|---|
| */s/ D. Sean Nation* | */s/ Michael T. Kotlarczyk* |
| D. Sean Nation<br>MOUNTAIN STATES LEGAL<br>FOUNDATION<br>2596 South Lewis Way<br>Lakewood, Colorado 80227<br>Tele: (303) 292-2021<br>Email: snation@mslegal.org | Michael T. Kotlarczyk, Senior Assistant<br>Attorney General<br>Matthew J. Worthington, Assistant Attorney<br>General<br>1300 Broadway, Denver, CO 80203<br>Telephone: (720) 508-6187; -6124<br>Email: mike.kotlarczyk@coag.gov;<br>matt.worthington@coag.gov |
| *Attorneys for Plaintiffs Rocky Mountain Gun Owners and Alicia Garcia* | *Attorneys for Defendant Jared Polis* |