**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02563-JLK

ROCKY MOUNTAIN GUN OWNERS, et al.

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado,

    Defendant.

**MOTION TO STAY SUBMISSION OF REPLY BRIEFS ON THE PARTIES'
MOTIONS FOR SUMMARY JUDGMENT**

Plaintiffs Rocky Mountain Gun Owners and Alicia Garcia, by and through their respective undersigned counsel, respectfully move this Court for a stay of parties' reply briefs on their respective motions for summary judgment, until such time as the Tenth Circuit has issued its opinion in *Ortega v. Lujan Grisham* (No. 24-2121), argued May 13, 2025.

Plaintiffs have conferred with Defendant in this matter, and Defendant opposes a stay of the reply briefs.

In support thereof, Plaintiffs state as follows:

1.    Both the Plaintiffs and the Defendant filed their Motions for Summary Judgment on May 8, 2025. (ECF 62 – Motion for Summary Judgment by Plaintiffs; and ECF 63 – Motion for Summary Judgment by Defendant.)

2.    On May 13, 2025, the Tenth Circuit Court of Appeals heard arguments in the case of *Ortega et al. v. Grisham et al.*, No. 1:24-CV-00471-JB-SCY (D.N.M.). Before the Tenth Circuit

1

is the Plaintiffs' motion for a preliminary injunction, which was denied on July 22, 2024, and which was appealed pursuant to 28 U.S.C. § 1292(a)(1).

3. The *Ortega* case involves a challenge of New Mexico's 7-day firearms waiting period, which – other than the length of the waiting period – is similar to the one at issue in the current case.

4. Moreover, the issues presented in the *Ortega* appeal significantly overlap those central to the current case, as already addressed in the preliminary injunction hearing, and – most recently – in the parties' Motions for Summary Judgment:

    a. Whether a cooling off waiting period triggers Step 1 of the *Bruen* inquiry;

    b. Whether a cooling off waiting period regulating purchasers of firearms is in fact a presumptively lawful regulation on commercial sales; and

    c. Whether, under Step 2 of the *Bruen* inquiry, there is an appropriate and relevant historical analogue to cooling off waiting periods.

5. On May 21, 2025, the parties jointly filed a Motion for Extension of Time to file their Response and Reply briefs. (ECF 64 – Joint MOTION for Extension of Time to File Response/Reply.)

6. This Court subsequently granted the motion (ECF 65) extending the filing date for the Parties' Responses to the Motions for Summary Judgment to June 20, 2025, and their Reply Briefs to July 11, 2025.

7. On June 20, 2025, both parties filed their Responses in Opposition to each other's Motions for Summary Judgment (ECF 66 – Opposition to Motion for Summary Judgment by Defendant; and ECF 67 - Opposition to Motion for Summary Judgement by Plaintiffs.)

8. Presently, reply briefs are due on July 11, 2025.

9. In preparing Plaintiff's reply brief, undersigned counsel has determined that the resolution of the issues fiercely contested by the parties in this case will likely be addressed partially if not entirely by *Ortega*.

10. On June 30, 2025, undersigned counsel conferred with opposing counsel regarding filing a joint motion to stay the deadline for reply briefs on summary judgment, pending the release of the Tenth Circuit's decision in the *Ortega* case.

11. On July 3, 2025, defense counsel informed the undersigned that the Defendant opposes staying or further delaying the current case to wait for a decision in the *Ortega* appeal.

12. This Court has broad authority to stay proceedings before it. *See Ryan v. Gonzalez*, 568 U.S. 57, 73-74 (2013). This authority stems from the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

13. "[T]he decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'" *Ryan*, 568 U.S. at 74 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). In exercising that discretion, courts consider "the specific circumstances of a case," *Doe*, 762 F.3d at 1178 (quoting *Landis*, 299 U.S. at 254), including judicial economy and any competing interests of the parties, *Capitol Specialty Ins. Corp. v. Sw. Clubs, Inc.*, Civ. No. 12-01299, 2015 WL 11117308, at *3 (D.N.M. Mar. 31, 2015).

14. The granting of a stay in the current case is warranted in the interest of judicial economy. The Tenth Circuit's forthcoming decision in *Ortega* will likely significantly affect the analysis of the issues and inform the overall proceedings in this Court.[1]

15. Filing reply briefs on July 11, without the benefit of the decision in *Ortega*, is a waste of party resources. When the decision in *Ortega* is issued, this Court will likely request supplemental briefing on its import anyway, at that point.

16. Without the benefit of *Ortega*, the parties' arguments in their replies are likely to be redundant of their previous arguments.

17. Filing reply briefs on July 11 is also a waste of judicial resources. Without a stay of the reply briefs, this Court will likely be put in the unenviable position of one of two outcomes, upon the completion of summary judgment briefing: (a) beginning to draft an opinion on the parties' summary judgment motion that is pre-empted by a Tenth Circuit decision before this Court's opinion is finished and entered in this case; (b) finishing and entering an opinion granting summary judgment in favor of one party, with the other party then contending on appeal that the decision in *Ortega* radically alters the underlying framework that should have applied before this Court.

18. Defendant is not prejudiced by the entry of a stay of the reply briefs. Indeed, Defendant obtains the <u>benefit</u> of the indefinite existence and enforcement of the Waiting Period Law. In normal circumstances, it would be Plaintiffs that object to a stay, when their rights are

---

[1] Indeed, the district court in *Ortega* has stayed its own proceedings as it anticipates the Tenth Circuit's imminent ruling on the appeal of the denial of the preliminary injunction motion.

denied—the only difference here being that Plaintiffs now understand that *Ortega* will shed a great deal of light, one way or another, on its claim for relief here.

19. For reasons of judicial and party economy, this Court should stay the filing of reply briefs pending the release of the decision in *Ortega*.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court stay the parties' reply brief pending the Tenth Circuit's resolution of the appeal in *Ortega v. Lujan Grisham* (No. 24-2121).

Respectfully submitted this 7th day of July, 2025.

*/s/ Michael D. McCoy*
Michael D. McCoy
Robert Welsh
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
Phone: (303) 292-2021
Email: mmccoy@mslegal.org

*Attorneys for Plaintiffs*