## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02563-JLK

ROCKY MOUNTAIN GUN OWNERS, and
ALICIA GARCIA,

      Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor for the State of Colorado,

      Defendant.

---

## THE GOVERNOR'S RESPONSE IN OPPOSITION
## TO PLAINTIFFS' MOTION TO STAY

---

Defendant Jared S. Polis, in his official capacity as Governor of the State of Colorado, by and through undersigned counsel, respectfully submits this opposition to Plaintiffs' motion to stay submission of Reply briefs on the parties' motions for summary judgment (ECF No. 68). As reasons, the Governor provides as follows:

1. The parties filed their Motions for Summary Judgment on May 8, 2025. ECF Nos. 62, 63.

2. Five days later, on May 13, 2025, the Tenth Circuit Court of Appeals heard oral argument in *Ortega v. Lujan Grisham*, No. 24-2121, concerning New Mexico's seven-day waiting period law. The district court in *Ortega* denied plaintiffs' motion for a preliminary injunction, ruling that: the law was presumptively constitutional as a condition or qualification on the commercial sale of firearms; the Second Amendment did not cover the waiting period law; the plaintiffs did not rebut the presumption of constitutionality; the waiting period law was consistent with the nation's historical tradition of firearm

1

regulation; and the plaintiffs could not establish either a likelihood of success on the merits or irreparable harm, while the harm to the state would be significant. *See generally Ortega v. Lujan Grisham*, 741 F. Supp. 3d 1027 (D.N.M. 2024).

3. Plaintiffs' counsel in *Ortega* are the same counsel as in this case. *See id.* at 1037.

4. The notice setting oral argument in *Ortega* issued on March 13, 2025—almost two months before the parties' initial summary judgment motions in this case (*Garcia*) were filed. *See Ortega v. Lujan Grisham*, No. 24-2121, Doc. No. 71 (Mar. 13, 2025).

5. In this case, summary judgment motions were initially due April 17, 2025, but the parties jointly filed a three-week extension request to May 8, 2025. ECF. No. 60. At this time, Plaintiffs were aware of the oral argument setting for *Ortega*, but did not request a stay.

6. On May 21, 2025—eight days after the *Ortega* oral argument—the parties filed another joint extension request, extending the Response in Opposition to each others' summary judgment motions to June 20, 2025, and a concurrent extension for the Reply briefs to July 11, 2025. ECF. No. 64. Although Plaintiffs' counsel was aware of *Ortega* and noted their involvement with *Ortega*, Plaintiffs did not argue that *Ortega* merited a stay.

7. Instead, on June 20, 2025, the parties filed their Responses. ECF Nos. 66, 67.

8. It was not until June 30, 2025, that Plaintiffs first indicated *Ortega* should yield a stay. ECF No. 68, ¶ 10.

9. But Plaintiffs knew of the *Ortega* oral argument since March 13, 2025, and both sides have significantly briefed the issues for this Court despite *Ortega* waiting in the wings. Indeed, the overwhelming majority of the briefing is complete.

10. Plaintiffs note that this Court has broad discretion to stay proceedings. ECF. No. 68 ¶¶ 12-13 (citing *Ryan v. Gonzalez*, 568 U.S. 57 (2013)). That is true, as far as it goes. However, Plaintiffs did not raise or address the five factors pertinent to a request for a stay, as articulated in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006).

11. Those factors are: the "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id*. at *2 (citations omitted).

   a. Here, Factor One does not apply, as Plaintiffs are requesting the stay.

   b. Factor Two applies insofar as staying the proceedings at this point will have functionally required all parties, including the Defendant, to engage in resource expenditure on researching and briefing multiple Rule 56 motions, all while Plaintiffs could have sought this stay months ago. Thus, it weighs against a stay.

   c. Factor Three also weighs against Plaintiffs' stay request. Convenience to the court would be to *complete* the Rule 56 briefing now, then address any impact from *Ortega* once it arises, *not* pausing the already-underway briefing schedule to shoehorn discussion of *Ortega* into Reply briefs. It would be more efficient to complete this stage of briefing.

   d. Factors Four and Five—interest to other parties and the public interest—overlap. The public interest, as Colorado's General Assembly explains in the bill's legislative declaration, is significant. *See* ECF No. 18-1, H.B. 23-1219, Section

3

1(1)-(2) (detailing homicide and suicide by firearm rates and the importance of waiting periods). An order from this Court resolving the uncertain status of the Waiting Period Law is of undeniable public interest, more so than an indefinite stay that delays the Court's ability to provide more certainty.

12. Because Plaintiffs have not established a need for a stay under the appropriate multi-factor analysis, this Court should deny the request. *See Hernandez v. United Builders Serv., Inc.*, Case No. 1:18-cv-2019-RM-SKC, 2018 WL 11615588, at *2 n.2 (D. Colo. Dec. 21, 2018) (not reported) (recognizing propriety of denying motion to stay where movant failed to establish good cause or meet its burden under the *String Cheese* factors).

13. At most, Plaintiffs suggest that proceeding without a stay would waste judicial resources (Factor Three) and that the defendant would not be prejudiced. But a significant portion of resources and burden on the defense has already occurred, so the defendant would automatically be prejudiced given the significant time in briefing the case up to this point.

14. Plaintiffs contend the Governor will "benefit [from] the indefinite existence and enforcement of the Waiting Period Law" pending a stay. ECF No. 68 ¶ 18. While that is certainly true in that the law would remain in effect, the Governor, the State of Colorado, and its citizens will all benefit from resolving lingering doubts over the law with a ruling from this Court. Completing the Rule 56 briefing better positions this Court to subsequently, separately, and more cleanly address the *Ortega* decision and keep this case proceeding towards an ultimate resolution.

15. Equally salient, is that Plaintiffs were aware of the *Ortega* case and oral argument date and could have sought a stay months ago. If a stay was to be pursued and entered in this

case, Plaintiffs should have done so before the briefing commenced, at minimum from when the *Ortega* oral argument was set. Instead, Plaintiffs jointly sought multiple extensions of time to file their Rule 56 motions. This Court can deny Plaintiffs' motion on this ground alone. *Cf. Biodiversity Conservation All. v. Jiron*, 762 F.3d 1036, 1090-91 (10th Cir. 2014) (applying laches to "bar[] a party's dilatory claim" because "[e]quity aids the vigilant, not those who slumber on their rights") (citations omitted).

16. Finally, Plaintiffs argue that staying the case now would allow the parties to address *Ortega* in their Replies. But the purpose of the Replies is to address arguments presented by the opposing side's Responses, not to introduce new arguments. Should *Ortega* be announced while the case is pending, supplemental briefing would provide a better avenue for addressing *Ortega* than incorporating it piecemeal into Reply briefs.

17. In short, the interests of justice do not favor staying the case now, when the parties are at the proverbial finish line of briefing. Doing so would create precisely the waste of party resources Plaintiffs contend a stay would avoid. The less-wasteful and more-efficient course of action is to finish the summary judgment briefing then address *Ortega*'s impact once that opinion is announced.

WHEREFORE, the Governor respectfully requests that this Court deny Plaintiffs' untimely motion for a stay and allow the parties to complete the summary judgment briefing by filing their Reply briefs.

Respectfully submitted: July 8, 2025

PHILIP J. WEISER
Attorney General

*s/* Joseph G. Michaels
*Joseph G. Michaels**
Assistant Solicitor General

*s/* Emily Burke Buckley
*Emily Burke Buckley**
Assistant Solicitor General
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6000
Email: joseph.michaels@coag.gov
        emily.buckley@coag.gov
*Attorneys for Defendant Governor
Jared S. Polis*
*Counsel of Record