IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02563-JLK

ROCKY MOUNTAIN GUN OWNERS, et al.

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado,

    Defendant.

**REPLY IN SUPPORT OF MOTION TO STAY SUBMISSION OF REPLY BRIEFS ON THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT**

Defendant is correct that Plaintiffs' motion should have been brought sooner. That is unequivocally true. And in any event, this motion is likely moot, since the parties' reply briefs are due on Friday, July 11, and Plaintiffs intend to file their reply brief, absent an order from this Court.

However, Defendants make two key concessions in their opposition.

First is that the Tenth Circuit is currently reviewing a New Mexico District Court's order denying a preliminary injunction involving the following issues, as they relate to a 7-day waiting period on obtaining a purchased firearm: "[1] [whether] the law was presumptively constitutional as a condition or qualification on the commercial sale of firearms; [2] [whether] the Second Amendment did not cover the waiting period law; [3] [whether] the plaintiffs did not rebut the presumption of constitutionality; and [4] [whether] the waiting period law was consistent with the nation's historical tradition of firearm regulation….". ECF 69, at 1-2. If these topics sound familiar, it's because the parties have been briefing them extensively before this Court.

1

Second, Defendant concedes that the decision in *Ortega* will shed light on the issues before this Court, but instead contends that the best course of action is for this Court to simply await that decision, and call for supplemental briefing once it is issued: "The less-wasteful and more-efficient course of action is to finish the summary judgment briefing then address *Ortega*'s impact once that opinion is announced." ECF 69, at 5.

Plaintiffs see limited value in filing yet more briefs that will not offer to the Court the benefit of analyzing binding and directly applicable precedent. But if that is the Court's preference, Plaintiffs stand ready to file their reply brief on their motion for summary judgment on July 11, and supplemental briefing in the future, when *Ortega* is issued.[1]

Respectfully submitted this 9th day of July, 2025.

/s/ Michael D. McCoy
Michael D. McCoy
Robert Welsh
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
Phone: (303) 292-2021
Email: mmccoy@mslegal.org

*Attorneys for Plaintiffs*

---

[1] Defendant suggests that the *String Cheese Incident* factors are relevant to the Court's consideration here. But that is questionable. Those factors generally apply when a court is evaluating whether to stay discovery, specifically. *See Young v. Colorado Department of Corrections*, No. 23-cv-01688-NYW-SKC, 2023 WL 5398574 (D. Colo. Aug. 23, 2023) (rejecting application of the *String Cheese Incident* factors in the context of administrative closure); *see id.* at *2 ("The *String Cheese* factors are highly relevant in determining whether to stay discovery in a case when there is a dispositive motion pending before the court…"); *Rogers v. Vilsack*, No. 1:21-cv-01779-DDD-SKC, 2022 WL 1037574 (D. Colo. Mar. 31, 2022) (Crews, M.J.) (keeping *String Cheese Incident* factors "in mind," but imposing stay largely because Plaintiff was an unnamed member of a class action in another lawsuit, raising overlapping legal issues). As Defendant agrees, the power to stay an action is generally firmly within the discretion of the court itself.