IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:23-cv-02563-JLK**

ROCKY MOUNTAIN GUN OWNERS, and
ALICIA GARCIA,

    Plaintiff,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colardo,

    Defendant.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S SUPPLEMENTAL AUTHORITY**
**[ECF No. 79]**

---

Through this filing, Plaintiffs respond to Defendant's submission of Supplemental Authority in the case of *Ortega v. Grisham*, 148 F.4th 1134, 2025 (10th Cir. 2025), in which the Tenth Circuit Court of Appeals denied New Mexico's petition for rehearing *en banc*. In its Notice, Defendant highlighted a portion of Judge Federico's dissent from the denial, which states that it is an "open question" if laws like Colorado's are unconstitutional under the analysis proffered in *Ortega*. ECF 79-1, at 11-12.

This line does no significant work for the government. First, Judge Federico wrote for himself and only one other Judge in dissent, so the statement has limited weight for this Court. But second, far from trying to save Colorado's law, Judge Federico was emphasizing how *Ortega*'s logic has <u>widespread</u> consequences, so as to explain why *en banc* review was appropriate in his view. He was not suggesting that a 3-day waiting period was analytically distinct from a 7-day waiting period. Indeed, Judge Federico acknowledged that the Court's logic in *Ortega* is so broad as to apply to all cooling off periods. ECF 79-1, at 12 ("*Ortega* … struck down waiting periods

1

(apparently as a class) because they 'are neither longstanding nor widespread practices, and diverge from history and tradition.'") (emphasis added).

Plaintiffs agree with the actual thrust of Judge Federico's point, which is that *Ortega* is essentially controlling here. Even in its supplemental authority, Defendant provides the Court no legal or analytical distinction between the firearms waiting period law at issue in *Ortega* and the one involved in the present case. The "how" and the "why" in *Ortega* are identical to the "how" and the "why" in the present case, and the mere fact that one waiting period is three days and the other is seven is irrelevant to the legal analysis employed, and the conclusions reached by the Tenth Circuit. ECF 79-1, at 7 ("*Ortega* will have widespread ramifications for courts in this circuit that must wrestle with Second Amendment challenges.").

As this Court recalls from the initial round of supplemental briefing in the wake of the panel opinion, in August 2025 the Tenth Circuit firmly held that cooling-off waiting periods implicate the plain text of the Second Amendment by preventing law-abiding individuals from acquiring the firearms they wish to keep and bear. *Ortega*, 148 F.4th at 1145. "Common sense dictates that the right to bear arms requires a right to acquire arms, just as the right to free press necessarily includes the right to acquire a printing press, or the right to freely practice religion necessarily rests on a right to acquire a sacred text[;] [and] [l]egal interpretation follows that common sense." *Id.* at 1143.

And the panel opinion in *Ortega* rejected the very same defenses that the government asserted here. For instance, it held that cooling-off waiting periods are not a presumptively lawful condition on the commercial sales of firearms. "[A] cooling-off period is not … a condition or qualification [on commercial sales]. Plaintiffs argue that it is not a condition because it cannot be met by any action, and it is not a qualification because it is universally applicable. They are right.

2

A seven-day waiting period is not a 'condition' on a sale any more than the price of a firearm is. The sale happens regardless, and the waiting period is just an artificial delay on possession." *Id.* at 1147.

Finally, the Court in *Ortega* concluded that there was no history or tradition of cooling-off waiting periods from the Founding era or even the 19th Century.[1] The Court flatly rejected New Mexico's assertion that intoxication laws and licensing regimes were analogous to modern cooling-off waiting period laws. *Id.* at 1150.

The government offers this Court nothing in the way of squaring Colorado's 3-day cooling off period with *Ortega*. Even Judge Federico likely thinks that such laws are invalid under *Ortega* now. The government doesn't even try to explain how Colorado's law could survive in this context. Given this, the Court should enter judgment in favor of Plaintiffs. ECF 72 ("[T]here is no reason to believe that I will not arrive at the same conclusions as the higher court.").

Respectfully submitted,

/s/ Michael McCoy
Michael McCoy
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
Tele: (303) 292-2021
Fax: (877) 349-7074
Email: mmcoy@mslegal.org

*Attorney for Plaintiffs Rocky Mountain Gun Owners and Alicia Garcia*

---

[1] In fact, the Tenth Circuit noted that it was not until the last decade of the 20th Century that a state implemented a waiting period that required the buyer of a firearm to wait longer than was necessary to conduct a background check before taking possession of their firearm. *Id.* at 1150.

3