**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-02563-JLK

ROCKY MOUNTAIN GUN OWNERS, and
ALICIA GARCIA,

Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor for the State of Colorado,

Defendant.

---

**AGENDA FOR ORAL ARGUMENTS**

---

Kane, J.

On August 24, 2026, I will hear oral arguments regarding the Cross-Motions for Summary Judgment filed by the parties (ECF Nos. 62 and 63). The parties are directed to address at least the following questions during their arguments.

- It is my duty as a federal judge to follow controlling precedent and I am committed to doing so. I am familiar with the relevant and binding Supreme Court decisions, including *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022); and *United States v. Rahimi*, 602 U.S. 680 (2024). I am also familiar with relevant Tenth Circuit opinions, including *Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96 (10th Cir. 2024), and *Ortega v. Lujan Grisham*, 148 F.4th 1134 (10th Cir. 2025). Are there additional cases or authorities that are not cited in the parties' briefs that are binding or instructive?

- I have reviewed the supplemental briefs filed by the parties concerning *Ortega.* I note that Judge Federico, joined by Judge Mortiz, observed in dissent from the denial of hearing en-banc that "[i]t is an open question whether *Ortega* casts doubt on the constitutionality. . ." of "Colorado['s]. . .three-day waiting period for gun purchases." *Ortega v. Grisham*, 162 F.4th 1056, 1061 (10th Cir. 2025) (Federico, dissenting) (denying en-banc review). Judge Federico further maintained that "[*Rocky Mountain Gun Owners*] remains the law of the circuit." *Id.* at 1063. Similarly, in his dissent in *Ortega,* Judge Matheson noted that *RMGO's* holding "is the law of this Circuit." *Ortega*, 148 F.4th at 1159. The parties should therefore address the application of *RMGO* and *Ortega.*

- In *Bruen*, the Supreme Court instructed that "Courts are [] entitled to decide a case based on the historical record compiled by the parties." *Bruen*, 142 S. Ct. at 2130 n.6. I previously expressed my concern that such an independent analysis could lead to inconsistent holdings, as the parties could craft distinct records and present varying arguments in different cases. *See Rocky Mountain Gun Owners v. Polis*, 701 F. Supp. 3d 1121, 1138 n.13 (D. Colo. 2023). Nevertheless, *Bruen* makes clear that I must "decide a case based on the historical record" presented by the parties and *Ortega* highlighted the significance of arguments that have not previously been considered, *Ortega* 148 F.4th at 1148, it is my duty to consider the full record in front of me. Accordingly, the parties should address any similarities or differences between the record in *Ortega* and the record presented in this case, including factual and statutory similarities or distinctions and any historical evidence or arguments that were or were not considered in *Ortega.*

- In *Ortega*, the Tenth Circuit stated that "[c]ommon sense dictates that the right to bear arms requires a right to acquire arms…". *Ortega*, 148 F.4th at 1143. The parties should be prepared to discuss whether the scope of the right must first be determined through a historical analysis of the term "acquire," consistent with the Supreme Court's approach to the Second Amendment in *Heller* and *Bruen*. If so, the parties should present evidence and argument identifying the historical understanding of "acquire" and whether that meaning encompasses the conduct here.

- Keeping *Ortega* in mind, parties should also be prepared to argue and present evidence as to whether Colorado's Waiting Period Law, Colo. Rev. Stat. § 18-12-115, imposes a condition or qualification on the sale of arms.

DATED this 19th day of August, 2026.

John L. Kane

JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE